Argued and submitted June 18, affirmed September 25,
petition for review allowed December 12, 2013 (354 Or 597)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**TERESA ANN DICKE,**
*Defendant-Appellant.*

Douglas County Circuit Court
10CR2251MI; A150092

310 P3d 1170

Erin Galli argued the cause for appellant. With her on the brief was Chilton & Galli, LLC.

Pamela J. Walsh, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

Defendant was charged with first-degree animal neglect, ORS 167.330, and first-degree animal abuse, ORS 167.320, in association with having allowed her horse to become so severely emaciated that it was at imminent risk of dying. Before trial, defendant moved to suppress evidence that was obtained through a warrantless seizure of the horse. The trial court denied that motion and defendant was convicted of the charged crimes. On appeal, defendant argues that the trial court erred by denying her suppression motion; according to defendant, the warrantless seizure of her horse violated both Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution.

We reject defendant's state constitutional argument for the same reasons that we rejected a similar argument raised by her codefendant, Fessenden. *See State v. Fessenden*, 258 Or App 639, 310 P3d 1163 (2013).

Defendant's federal constitutional argument fares no better. Warrantless searches and seizures pass Fourth Amendment muster when conducted "to assist persons who are seriously injured or threatened with such injury." *Brigham City v. Stuart*, 547 US 398, 404, 126 S Ct 1943, 164 L Ed 2d 650 (2006). Other courts have held that, although the United States Supreme Court has described that exception to the warrant requirement in terms of protecting people, the exception reasonably extends to the protection of animals under certain circumstances. *See, e.g., Davis v. State*, 907 NE2d 1043, 1050 (Ind Ct App 2009) ("[C]ircumstances of animal cruelty may create exigent circumstances to permit a warrantless search of the curtilage."); *Morgan v. State*, 289 Ga App 209, 212, 656 SE2d 857, 860 (2008) (an exigency exception to the warrant requirement exists "where a police officer reasonably believes that an animal on the property is in need of immediate aid due to injury or mistreatment"); *Brinkley v. County of Flagler*, 769 So 2d 468, 472 (Fla Dist Ct App 2000) (the apparent distress of a large number of dogs made it reasonable to conclude "that an urgent and immediate need for protective action was warranted," which justified a warrantless entry onto property). We agree.

In *Fessenden*, we held that, under Article I, section 9,

> "a warrantless search or seizure is justified when law enforcement officers have an objectively reasonable belief, based on articulable facts, that the search or seizure is necessary to render immediate aid or assistance to animals that have suffered, or which are imminently threatened with suffering, serious physical injury or cruel death, unless that injury or death is being inflicted lawfully."

258 Or App at 649. We conclude that the same circumstances justify a warrantless search or seizure under the Fourth Amendment; we also conclude that such circumstances existed in this case. *See id.* at 640-44 (describing facts that led to the warrantless seizure of the horse). Accordingly, the trial court did not err when it denied defendant's motion to suppress.

Affirmed.